This was an action upon the case for the value of a slave of the plaintiff [Thomas L. Washington], carried away as a seaman by the defendant [William Wilson], and lost.

THE COURT (THRUSTON, Circuit Judge, absent) instructed the jury, in effect, that a bill of sale, under seal, from Sarah Washington to the plaintiff, transferred the legal title to the plaintiff, although the possession and beneficial interest were in Mrs. Washington, and that the plaintiff might recover in his name for her use.

THE COURT also refused to suffer evidence to be given that the slave hired himself as a free man to another master of a vessel in a previous voyage, the action being given by the act of Virginia (pages 192, 374), in the cases described in the act.

THE COURT also decided that the plaintiff could maintain this form of action (case) although the defendant had wrongfully and unlawfully acquired and kept possession of the slave without the permission or consent of the plaintiff.

Verdict for the plaintiff, $400 damages; the slave being supposed to be worth $800.

## Case No. 17,241.

### WASHINGTON v. YOUNG.

### BRENT et al. v. DAVIS.

[2 Cranch, C. C. 632.] [1]

Circuit Court, District of Columbia. Jan. 10, 1826.

#### LOTTERY MANAGERS—SUIT ON BOND.

The holders of tickets in the Washington lottery have no right to sue the managers upon the bond given by them to the corporation of Washington, without the leave of the corporation; nor to sue the contractor for the lottery, on his bond given to the managers, without their consent.

[These were suits by the corporation of Washington, for the use of the holder of ticket No. 1,037, against Moses Young's administrator; and by Brent and others against Gideon Davis.] These causes, in which the judgment of this court had been reversed in the supreme court of the United States in January term, 1825, were sent down to this court by mandate, setting aside the verdict and proceedings up to the declaration.

Mr. Jones, for defendants, now moved this court to dismiss these suits, according to intimation given in the opinion of the supreme court in 10 Wheat. [23 U. S.] 410; that court having decided that the holders of the tickets had no right to use the names of the corporation and the managers without their leave. This motion is made in behalf of the corporation of Washington and of the managers, as well as of Gideon Davis.

Mr. Key, contra. The bonds were given for the benefit of the public; and any person interested has a right to sue upon them. They

[1] [Reported by Hon. William Cranch, Chief Judge.]

are like the bonds of an auctioneer. As no objection was made until after verdict and judgment, and the causes have been carried up to the supreme court by writ of error, and sent down again by mandate, and no special order of the corporation to make this motion is shown, the assent of the corporation to the suits is to be presumed.

THE COURT (THRUSTON, Circuit Judge, not having heard the argument, gave no opinion) were of opinion that the plaintiffs had a right to dismiss their suits, and ordered them to be dismissed.

---

WASHINGTON, The GEORGE. See Case No. 4,100.

WASHINGTON, The MARTHA. See Case Nos. 1,513 and 9,148.

WASHINGTON, The MARY. See Case No. 9,229.

WASHINGTON, The MARY, v. AYRES. See Case No. 9,229.

WASHINGTON COUNTY (DURANT v.). See Case No. 4,191.

WASHINGTON FIRE & MARINE INS. CO. (TIDMARSH v.). See Case No. 14,024.

---

## Case No. 17,242.

### WASHINGTON IMP. CO. v. KANSAS PAC. RY. CO.

[5 Dill. 489.] [1]

Circuit Court, D. Kansas. 1879.

REMOVAL OF CAUSES — ACT OF MARCH 3D, 1875 — CIVIL SUIT AT LAW—MANDAMUS PROCEEDING — REGISTRATION OF TRANSFER OF STOCK.

A proceeding by mandamus in the state court, under the statutes of Kansas (Gen. St. 1868, p. 766), to compel the defendant company to register the transfer of certificates of stock held by the plaintiff, is a "suit of a civil nature at law," within the meaning of the removal act of March 3d, 1875 [18 Stat. 470], and, upon proper application, may be transferred to the circuit court of the United States.

[Cited in Erwin v. Walsh, 27 Fed. 581; People v. Colorado Cent. R. Co., 42 Fed. 640.]

On motion to remand cause to the state court. This was a proceeding by mandamus brought in the state court pursuant to the state statutes (Gen. St. Kan. c. 80, p. 766). The object was to compel the defendant company to register the transfer of certain certificates of shares therein of which the plaintiff corporation alleges itself to be the owner; and the plaintiff also prays damages for the wrongful refusal of the defendant to make or allow such registration. The plaintiff is a corporation created by the state of Pennsylvania; the defendant by the state of Kansas. The defendant filed in the state court a petition and bond, in apt form and in proper time, for the removal of the cause to this court. The plaintiff moves to remand the same to the state court.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]